22843

The STATE, Respondent v. Sean David LEE, Appellant.

(365 S. E. (2d) 734)

Supreme Court

*Jack B. Swerling*, of *Swerling & Harpootlian*, and *John H. Blume*, of *Bruck and Blume*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka;* and *Solicitor James C. Anders*, Columbia, *for respondent.*

Heard Jan. 5, 1988.

Decided Feb. 29, 1988.

GREGORY, Justice:

Appellant was convicted of violating S. C. Code Ann. § 16-13-400 (1985) which prohibits knowingly avoiding, attempting to avoid, or causing another to avoid lawful charges for telephone service. He was sentenced to one year imprisonment and fined $1,000, suspended upon service of two years probation and two hundred hours of public service. We reverse.

In 1984, appellant's parents began noticing charges on their monthly telephone bill for calls to 976 numbers. These numbers provide recorded information including sexually explicit monologue. The charges continued to appear on the Lees' telephone bill until 1986 and amounted to over $500.00. Appellant was a University student and lived at his parents' home for most of this time period. He denied making the calls as did the five other adult family members. The Lees continuously contested the charges for the 976 calls. As a result, the telephone company began an investigation.

The telephone company investigator found a telephone connected in appellant's bedroom that was unknown to the rest of the family. It was also discovered that three 976 calls had been made from other locations and billed to the Lees' calling card.

Appellant was indicted for violating § 16-13-400. At the time of trial, his parents had settled the bill with the telephone company. After a bench trial, the judge found appellant had made the 976 calls and was therefore guilty of violating § 16-13-400.

Appellant contends his motion for directed verdict of acquittal should have been granted as a matter of law. We agree.

Section 16-13-400 provides in pertinent part:

Any person who knowingly avoids or attempts to avoid, or causes another to avoid, the lawful charges or payments, in whole or in part, for any telecommunications service ...

> (1) By charging such service to an existing telephone number or credit card number without authority ...

(2) By charging such service to a nonexistent telephone number or credit card ...

(3) By use of a code, prearranged scheme, or other similar stratagem or device ...

(4) By rearranging, tampering with, or making connection with any facilities or equipment of a telephone company ...

(5) By the use of any fraudulent means ...

The telephone service in question was billable to appellant's father. Appellant had authority to use the telephone for long distance calls. His use of the telephone could not violate § 16-13-400 unless he is guilty of "causing another to avoid lawful charges". Moreover, since the specific means of avoidance prohibited in subsections (1) through (4) do not apply, appellant could only be guilty under the catchall language of subsection (5) "by the use of other fraudulent means." The State's case rests on the theory that appellant falsely stated to his father that he did not make the 976 calls, thereby causing his father to attempt to avoid payment by contesting these charges with the telephone company.

These facts, even if proven, do not constitute criminal conduct under § 16-13-400. This statute contemplates criminal prosecution where the perpetrator is using telephone service and the telephone company has no recourse to enforce payment because there is no legally chargeable account. Here, appellant was an authorized user of a known telephone number. If the telephone company rejected the Lees' contention that the calls were not made from their telephone, it could discontinue service and take measurers to collect its bill. Because the State's evidence could not support a conviction under § 16-13-400, a directed verdict should have been granted as a matter of law.

We need not address appellant's remaining exceptions. The judgment of the circuit court is

Reversed.

Ness, C. J. and Harwell, Chandler and Finney, JJ., concur.